

# The Attorney General of Texas

June 18, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable E. D. Walker
Chancellor
University of Texas System
201 West 7th Street
Austin, Texas 78701

Opinion No. MW-25

Re: Assignment to the United States of rights under loans deemed uncollectible under the National Defense Direct Student Loan program.

Dear Chancellor Walker:

You have requested our opinion regarding the authority of University of Texas component institutions to assign to the United States the rights under loans deemed uncollectible under the National Defense Direct Student Loan program. See 20 USC §1087aa et seq.; 45 CFR §§144.1-144.64. You state that the Department of Health, Education & Welfare encourages such assignment by exempting these loans from the computation of the institution's loan default rate. A low default rate is a prerequisite for continued participation in the program. Prior to an assignment, evidence must appear in the borrower's file that the institution has exercised due diligence in attempting to collect the loan. You ask whether this assignment of uncollectible loans contravenes article 3, section 51 of the Texas Constitution, which prohibits the making of any grant of public money "to any individual, association of individuals, municipal or other corporation whatsoever."

Since continued participation requires that an institution comply with federal default standards, and since assignment of uncollectible loans is a principal means of compliance, we believe it is clear that, in making the assignment, the state receives a substantial benefit. In our opinion, assignment serves a proper public purpose. See State v. City of Austin, 331 S.W.2d 737 (Tex. 1960); Byrd v. City of Dallas, 6 S.W.2d 738 (Tex. 1928); See also, Lindsey v. State, 74 S.W. 750 (Tex. 1903), King v. Sheppard, 157 S.W.2d 682, 686 (Tex.Civ.App.—Austin 1941, writ ref'd w.o.m.); Harris County Flood Control District v. Mann, 140 S.W.2d 1098 (Tex. 1940); and Attorney General Opinion H-1033 (1977). We conclude therefore that a public institution of higher education is not prohibited from assigning to the United States student loans deemed uncollectible.

## SUMMARY

A public institution of higher education is not prohibited from assigning to the United States student loans deemed uncollectible.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
William G. Reid
Bruce Youngblood